**WO**                                                                                                     KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 08-365-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden Thomas, et al., | |
| Defendants. | |

Plaintiff Francis A. Grandinetti, II, who is confined in the Corrections Corporation of America facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1 § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
2 v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A prisoner barred from proceeding *in*
3 *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4 §§ 1911-14 applicable to everyone else.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th
5 Cir.1996).

6 More than three of the prior actions Plaintiff has filed in federal courts have been
7 dismissed as frivolous, malicious, or as failing to state a claim.  See Grandinetti v. Iranon,
8 CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
9 Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C.
13 § 1915(g).

14 **II.    Failure to Allege Imminent Danger of Serious Physical Injury**

15 Although factually vague, all of Plaintiff's claims appear to relate to past incidents.
16 An allegation of past harm does not constitute a credible allegation that Plaintiff is in
17 imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for
18 Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee.
19 Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to
20 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee.  If Plaintiff wishes to
21 reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files
22 his action.

23 **IT IS ORDERED**:

24 (1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28
25 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied
26 by the full $350.00 filing fee.

27 . . .

28

1    (2)    The Clerk of Court must enter judgment accordingly and close this case.

2    DATED this 4th day of March, 2008.

_____
Mary H. Murguia
United States District Judge