**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, ) | No. CV 08-365-PHX-MHM (BPV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Warden Thomas, et al., ) | |
| Defendants. ) | |

Plaintiff Francis A. Grandinetti, II, who is confined in the Corrections Corporation of America facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On March 5, 2008, the Court dismissed the Complaint and this action under the "3-strikes" provision of 28 U.S.C. § 1915(g), and judgment was entered. The action was dismissed without prejudice to Plaintiff filing a new action accompanied by the full $350.00 filing fee.

On March 7, 2008, Plaintiff filed a "Motion Proof of Service" (Doc. #5). On March 14, 2008, Plaintiff filed a Motion for Relief under Rule 59(e) of the Federal Rules of Civil Procedure and for a an extension of time to file a notice of appeal. The Court will deny the Motions.

In his March 7, 2008 Motion, Plaintiff asks that the Court order service of the Complaint and grant Plaintiff leave to amend the Complaint to name a new warden. Because this action has been dismissed, the Court will deny the March 7, 2008 Motion as moot.

1 　　　　The Court will treat Plaintiff's Motion for relief under Rule 59(e) as a motion for
2 reconsideration.  Motions for reconsideration should be granted only in rare circumstances.
3 Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995).
4 "Reconsideration is appropriate if the district court (1) is presented with newly discovered
5 evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if
6 there is an intervening change in controlling law."  School Dist. No. 1J, Multnomah County
7 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the
8 purpose of asking a court "'to rethink what the court had already thought through — rightly
9 or wrongly.'"  Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v.
10 Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)).

11 　　　　Plaintiff has not presented the Court with any grounds in support of his motion for
12 reconsideration.  The Court has reviewed both Plaintiff's Complaint and the Order of
13 dismissal and finds no reason to vacate the judgment of dismissal in this case.  Plaintiff's
14 Motion under Rule 59(e) will therefore be denied.

15 　　　　With respect to Plaintiff's request for an extension of time, Rule 4(a)(5)(A)(ii)
16 provides that a district court may extend the time to file a notice of appeal if "regardless of
17 whether [a party's] motion is filed before or during the 30 days after the time prescribed by
18 this Rule 4(a) expires, that party shows excusable neglect or good cause."  Plaintiff has not
19 demonstrated excusable neglect or good cause and the Court will therefore deny the Motion.

20 **IT IS ORDERED**:

21 　　　　(1)　　Plaintiff's March 7, 2008 Motion (Doc. #5) is **denied**.

22 　　　　(2)　　Plaintiff's March 14, 2008 Motion (Doc. #6) is **denied**.

23 　　　　DATED this 14th day of April, 2008.

_____
Mary H. Murguia
United States District Judge